■ In the Matter of EMANUEL ABATZ, Doing Business as ANCHOR BAR & REST., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination annulled, with $20 costs and disbursements to petitioner. Petitioner was charged with three violations of subdivision 6 of section 106 of the Alcoholic Beverage Control Law on June 27, 1963, all relating to one incident — (1) that he permitted the premises to become disorderly in suffering or permitting females on the licensed premises to solicit male persons for immoral purposes; (2) that he permitted such premises to become disorderly in that he permitted an unescorted female to meet with an unescorted male, both unknown to each other at that time, that an alcoholic beverage was served to said couple or either of them, and subsequently the female solicited the male for immoral purposes; (3) that the licensee suffered the premises to become disorderly in failing to exercise a proper degree of supervision so that an unescorted female met with an unescorted male, both previously unknown to each other, and subsequently the female solicited the male. Evidence in the record indicated that the complaining witness, a police officer, visited the bar on many occasions prior to the incident complained of. According to his testimony it varied from 3 to 5 times. According to the petitioner and his employee it ran between 10 and 20 times. It is established that apparently he had become reasonably well acquainted with the plaintiff and the barmaid, an employee. He testified that previous to the night in question he had not observed anything illegal occurring in the premises. His testimony as to the incident upon which the revocation is based is in substance as follows: After entering the bar, he greeted the owner and the barmaid, with whom he had a drink. At that time the barmaid was the only female in the premises. After the drink the owner retired to another portion of the premises and he asked the barmaid to go out with him that evening. She refused to do so, stating that she had another engagement with a girl friend. Thereafter he observed a woman enter the bar with two men. They had drinks and the men began playing the shuffleboard and the juke box. He spoke of how attractive the woman was, whereupon the barmaid asked if he would like to meet her and he stated he would; that the barmaid spoke to the woman and that he, the officer, called the woman over; that they had a drink and he informed her he worked for a steamship line and would like to have a good time. It was agreed they would have sexual intercourse and the price would be $20. They discussed a room on 26th Street. However, instead of leaving to go to such room they arranged to meet at another neighborhood bar on Tenth Avenue and 22nd Street, not too distant from the subject bar. Thereafter he went to the other bar where the woman subsequently joined him. After having a drink they left and he handed her $20 in the street, then arrested her. The officer testified that after he had a drink with the petitioner he does not know where the petitioner went and he did not see him thereafter. The petitioner was not present during the alleged conversation. The barmaid, who testified that she was married, living with her husband and is a grand-mother, gave a different version as did the woman arrested, who identified one of the men who accompanied her as her common-law husband. One part of the record shows that the woman arrested had no record and apparently this was the first time that she had ever been in trouble. At any rate, on the officer's version the female was not unescorted when she entered the bar. She was not the moving factor in any solicitation of the officer. It is apparent on his own account that if any solicitation occurred it was the result of

affirmative action on his part. The occurrence smacks of a lure and entrapment so that the term suffered or permitted would hardly seem applicable. Moreover, the officer never returned to the licensed premises to issue a summons as is customary, or even to advise the licensee of what occurred. Concur — Breitel, J. P., McNally and Stevens, JJ.; Eager and Steuer, JJ., dissent in a memorandum by Steuer, J.: We believe that there was substantial evidence to support the conclusion of the State Liquor Authority. The inferences to be drawn from that evidence is a matter for the Authority and not for the court. The testimony is that the barmaid volunteered to introduce the female patron to the officer, and both the purpose of the introduction and the knowledge of the practice are reasonable inferences to draw from the testimony.